**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

STEVEN SHANE SHIRLEY
ADC #144488                                                                                                    PLAINTIFF

v.                                              2:24-cv-00057-JM-JJV

RICHARDSON, Deputy Warden,
EARU Max; *et al.*                                                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Steven Shane Shirley ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) Plaintiff says that on December 18, 2023, Defendants Deputy Warden Richardson, Major Taylor, Classification Officer Smith, and Shift Lieutenant King violated his constitutional rights and ADC policies by putting a "punitive" prisoner in his isolation cell even though Plaintiff was being held there for "nonpunitive" reasons. (*Id*. at 4.) Plaintiff says that, later that day, the other prisoner "physically assaulted me and got sprayed and rote up." (*Id*.)

1

After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, it is well settled that a prisoner does not have a constitutional right to enforce internal prison rules or policies. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, Plaintiff has not pled a plausible claim regarding Defendants' alleged violation of ADC policies.

Second, to plead a plausible failure to protect claim under the Eighth Amendment, there must be facts suggesting: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded that substantial risk of serious harm. *Hodges v. Dep't of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). Plaintiff has not pled any facts suggesting that housing a prisoner, who had been convicted of an unspecified disciplinary infraction, in the same cell with him created as substantial risk of serious harm to his safety. Similarly, he has not provided facts suggesting that any of the three Defendants were, subjectively, aware that the cellmate might harm Plaintiff merely because he had a disciplinary conviction. *See Patterson v. Kelley*, 902 F.3d 845, 852 (8th Cir. 2018) (deliberate indifference requires more than negligence or even gross negligence); *Vandevender,* 970 F.3d 975 (to constitute deliberate indifference "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Blair v. Bowersox*, 929 F.3d 981, 988–89 (8th Cir. 2019) ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

commendation, cannot under our cases be condemned as the infliction of punishment"); *Schoelch v. Mitchell*, 625 F.3d 1041, 1048 (8th Cir. 2010)(no liability when a prisoner is the victim of a surprise attack). Accordingly, I conclude Plaintiff has not pled a plausible Eighth Amendment violation.

## II.     CONCLUSION

1.     The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE